**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TRANSITO ISABEL MIRANDA, CESAR BAUTISTA, and VICTOR CORPOS CASILLAS Individually and on Behalf of All Others Similarly Situated** § § § § § § | | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| Plaintiffs, § | | |
| § | | Civil Action No. 4:15-cv-0406 |
| v. § § | | |
| **MAHARD EGG FARM, INC., and MAHARD PULLET FARMS, INC.** § § § | | |
| Defendants. | | Jury Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Transito Isabel Miranda, Cesar Bautista, and Victor Corpos Casillas, on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members," respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc. (collectively referred to as "Defendants"). Plaintiffs bring this suit to recover minimum wages and overtime wages. Plaintiffs show as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in the Eastern District of Texas because a substantial portion of the events forming the basis of the suit occurred in this District, in and around Prosper, Texas.

3. Defendants have sufficient minimum contacts with this forum such that the Court has personal jurisdiction over the Defendants.

## II. THE PARTIES

4. Plaintiff Transito Isabel Miranda is a resident of Texas and resides in this judicial district. Her written consent to this action is attached as Exhibit A.

5. Plaintiff Cesar Bautista is a resident of Texas and resides in this judicial district. His written consent to this action is attached as Exhibit B.

6. Plaintiff Victor Corpos Casillas is a resident of Texas and resides in this judicial district. His written consent to this action is attached as Exhibit C.

7. The "Class Members" are all current and former employees who worked in Defendants' egg processing plants in Chillicothe, Texas; Prosper, Texas; and Nebo, Oklahoma at any time three years before the filing of this lawsuit or later.

8. Defendant Mahard Egg Farm, Inc. is a Texas corporation licensed to do business in Texas and can be served by serving its Registered Agent, Ernest A. Mahard, Jr. at P.O. Box 16, Prosper TX 75078 or wherever he may be found.

9. Defendant Mahard Pullet Farms, Inc. is a Texas corporation licensed to do business in Texas and can be served by serving its Registered Agent, Ernest A. Mahard, Jr. at P.O. Box 16, Prosper TX 75078 or wherever he may be found.

## III. COVERAGE

10. During all of the relevant time period, each of the Defendants have been employer(s) or joint employer(s) of each of the Plaintiffs and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. During all of the relevant time period, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to the Plaintiffs and Class Members.

12. During all of the relevant time period, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. During all of the relevant time period, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1). Further, during all of the relevant time period, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. During all of the relevant time period, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## IV. FACTUAL ALLEGATIONS

15. Defendants manage both egg farms and egg processing plants. On their farms, Defendants raise pullets and laying hens and produce eggs. In their processing plants, Defendants' employees clean, sort, and package both eggs produced on their own farms and eggs produced by other farmers.

16. During the relevant time period, Defendants operated both farms and adjacent or nearby processing plants in or near Chillicothe, Texas; Prosper, Texas; and Nebo, Oklahoma. Defendants ceased operating the farm and processing plant in Prosper, Texas less than three years before the filing of this lawsuit. Defendants also operate additional egg farms without adjacent or nearby processing plants at other locations in Texas and Oklahoma.

17. During the relevant time period, Defendants assigned Plaintiffs, who regularly worked in one of the plants in Chillicothe, Texas; Prosper, Texas; and Nebo, Oklahoma, to work in the other of these three locations or elsewhere for the Defendants

18. Each day, and often at multiple times during a workday, Defendants assigned and reassigned each of the Plaintiffs to work either on their farms or in their processing plants, as needed. Within the three years preceding the filing of this lawsuit, each of the Plaintiffs worked regularly both on Defendants' farm and in Defendants' processing plant in Chillicothe, Texas. Plaintiffs Bautista and Casillas also worked at various times within the three years preceding the filing of this lawsuit on Defendants' farms and in Defendants' processing plants in Prosper, Texas and Nebo, Oklahoma. The Class Members worked either exclusively in Defendants' processing plants, or regularly on both the Defendants' farms and in the processing plants.

19. The Plaintiffs' and Class Members' duties in Defendants' processing plants included cleaning, sorting, packing, and preparing eggs for shipment.

20. During all of the relevant period, each of Defendants' processing plants in Chillicothe, Texas; Prosper, Texas; and Nebo, Oklahoma, as long as it was in operation; regularly processed eggs from other farmers and companies.

21. The Plaintiffs and Class Members regularly worked more than 40 hours per week, but Defendants paid them only their regular rates for their overtime hours instead of one and one-half times their regular rates of pay.

22. The Plaintiffs and Class Members also were regularly forced to work "off the clock"—work time that was not recorded and for which they were not compensated.

23. Defendants required the Plaintiffs and Class Members to pay for their own equipment necessary to work in Defendants' pullet houses, chicken laying facilities, and egg

processing plants. These costs brought the Plaintiffs' and Class Members' wages below the minimum wage.

24. Defendants failed to pay Plaintiffs and Class Members overtime at the proper rate—using their regular hourly rate of pay for overtime hours worked instead of time and a half this rate.

25. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to the Plaintiffs and Class Members.

## V. COLLECTIVE ACTION ALLEGATIONS

26. The Class Members are similarly situated to the named Plaintiffs in that their relevant job duties were the same as the Plaintiffs' and they were subject to the same illegal pay policies or practices that are relevant to this action.

27. Several of the Class Members have requested to participate in this case as opt-in plaintiffs. The written consents of some of these individuals are included with this complaint.

28. The Defendants' failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, the Plaintiffs' experience is typical of the experience of the Class Members.

29. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to minimum wage and overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts relating to liability. The

essential questions of law and fact are common to the Plaintiffs and the Class Members.

30. As a collective action, Plaintiffs seek this Court's appointment and\or designation as representatives of a group of similarly situated individuals as defined herein.

## VI. CAUSES OF ACTION

31. During the relevant period, and by way of the facts set forth above, Defendants violated and continue to violate the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206, 207.

## VII.   JURY DEMAND

32. Plaintiffs, individually and on behalf of the Class Members, request a jury trial.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants, the following:

A. An award of all unpaid minimum wages and overtime compensation;

B. An equal amount as liquidated damages under the FLSA;

C. Reasonable attorney's fees, costs, and expenses of this action;

D. Post-judgment interest; and

E. Such other relief to which they may be entitled.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**LEE & BRAZIEL, L.L.P.**

1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com

**MICHAEL O'KEEFE COWLES**
State Bar No. 24082865
mcowles@equaljusticecenter.org
**GONZALO SERRANO**
State Bar No. 94093134
gserrano@equaljusticecenter.org
**EQUAL JUSTICE CENTER**
1801 N. Lamar, Suite 325
Dallas, Texas 75202
(469) 203-2150
(469) 629-5045 (FAX)

**AARON JOHNSON**
State Bar No. 24056961
ajohnson@equaljusticecenter.org
**EQUAL JUSTICE CENTER**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
(512) 474-0007, ext. 104
(512) 474-0008 (FAX)

**ATTORNEYS FOR PLAINTIFFS**