# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TRANSITO ISABEL MIRANDA, ET AL. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-406 |
| | § | Judge Mazzant |
| MAHARD EGG FARM, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Conditional Certification of Collective Action and Notice to Class (Dkt. #17) and Defendants' Objections and Motion to Strike Portions of the Declarations in Support of Plaintiffs' Motion for Conditional Certification of Collective Action and Notice to Class (Dkt. #21). After reviewing the motion and the relevant pleadings, the Court finds that Plaintiffs' motion is granted and Defendants' motion is denied.

## BACKGROUND

Plaintiffs filed a complaint against Defendants on June 15, 2015, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 as a collective action pursuant to 29 U.S.C. § 216(b) (Dkt. #1). On December 30, 2015, Plaintiffs filed the present Motion for Conditional Certification of Collective Action and Notice to Class (Dkt. #17). On January 27, 2016, Defendants filed its response in opposition (Dkt. #20) and a motion to strike portions of Plaintiffs' declarations (Dkt. #21). Plaintiffs filed a response to Defendants' motion to strike on February 5, 2016 (Dkt. #24). On February 19, 2016, Plaintiffs filed a reply in support of their motion for conditional certification (Dkt. #25). Defendants filed a sur-reply in opposition to Plaintiffs' motion for certification on February 26, 2016 (Dkt. #26).

1

**LEGAL STANDARD**

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). While the Fifth Circuit has not specifically addressed the meaning of 'similarly situated' in this context, "[t]wo approaches are used by courts to determine whether collective treatment under §216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the "Spurious Class Action" method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts and is the standard most frequently used by this court." *Tice*, 826 F. Supp. 2d at 994 (citations omitted). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring noting more than

substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

**ANALYSIS**

*Defendants' Motion to Strike*

Plaintiffs submit six declarations in support of their motion for conditional certification (Dkt. #17, Ex. A-F). Defendants contend that these declarations contain statements that are "speculative, vague, conclusory and contain improper hearsay," and should be stricken from the record before the Court (Dkt. #21 at p. 2). Defendants cite *Harrison v. McDonald's Corp.* 411 F. Supp. 2d 862, 866-67 (S.D. Ohio 2005) as an example of a court striking hearsay statements from affidavits supporting a motion for collective action. While the Fifth Circuit has not specifically addressed the issue of whether the hearsay standard under Federal Rule of Evidence 802 should apply to a Plaintiff's declarations in a conditional certification context, courts within the Fifth Circuit have allowed consideration, at the notice stage, of declarations challenged as being inadmissible at trial. *See Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (collecting cases).

Defendants also object to statements provided by Plaintiffs that they claim are "pure speculation and have no foundation in personal knowledge." (Dkt. #21 at p. 4). In particular,

Defendants contend that the declarants "do not know the hours, wages or status with regard to the exemption for each and every employee," and do not provide a "basis for the belief that additional workers would join the suit." (Dkt. #21 at p. 4). In actuality, the material in the collected declarations is within the "personal knowledge" of the declarants. "Personal knowledge" includes inferences and opinions "so long as they are grounded in personal observation and experience." *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999). Victor Corpos Casillas, for example, states that he bases his declaration on personal knowledge (Dkt. #17, Exhibit 1 at ¶ 1). Casillas makes statements and inferences regarding other workers he has knowledge of as his position allowed him to interact with and observe other workers (Dkt. #17, Exhibit 1 at ¶¶ 3, 7, 8). Additional declarations describe actual, personal interaction with a supervisor employed by Defendants (Dkt. #17, Exhibit 2 at ¶ 6).

The Court finds that the declarations are adequately based on "personal knowledge" and are not required to be stricken due to the presence of hearsay. The Court, therefore, denies Defendants' motion to strike.

*Conditional Certification*

This case is in the first stage under *Lusardi*. At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical, as "the court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[Plaintiffs] need only show that their positions are similar to the potential plaintiffs[.]" *Id.* at 995.

Defendants contend that Plaintiffs do not present sufficient evidence of a plan or policy of unlawful pay practice (Dkt. #20 at p. 5). Defendants note an absence of timecards or other documentation, but offer no binding case law that demands that such evidence be presented at the notice stage (Dkt. #20 at p. 6). Plaintiffs do not submit documentation, but at this stage, the declarations are sufficient evidence in order to conditionally certify the class. Defendants cite *Dooling v. Bank of the West*, wherein a court denied certification, citing that the declaration by Plaintiff alone was not sufficient evidence. No. 4:11-CV-00576, 2012 WL 2417591 (E.D. Tex. June 26, 2012). In this case, however, Plaintiffs present six declarations that state and corroborate personal knowledge of Defendants' practices with regards to themselves and their coworkers.

Defendants also argue that the Plaintiffs do not identify potential plaintiffs who may be interested in joining the suit. The Court is, however, satisfied with the information presented and believes that there are other employees who desire to opt-in, and note that several plaintiffs other than the named Plaintiffs have already joined the suit (Dkt. #3, #11, #16).

Defendants argue that the Plaintiffs and potential class members are not similarly situated as the job location, duties, and assignments varied between workers and varied from week to week (Dkt. #20 at p. 6). The Court finds that Plaintiffs have presented sufficient evidence for the notice stage that the positions of the potential class members are similar to the Plaintiffs through an alleged pattern of wage violations. *See Roussell v. Brinker Intern. In.*, 441 Fed. Appx. 222, 226 (5th Cir. 2011) (holding that, though there were distinctions among employees, certification was not an abuse of discretion where the claims could be considered "at a higher level of abstraction," and deposition testimony was indicative of a common pattern).

Defendants focus on an agricultural exemption under the FLSA and argue that this defense would require each worker to be evaluated individually, and therefore the potential class is not similarly situated and class certification is not warranted (Dkt. #20 at pp. 8-9). "[E]xemptions are merits-based defenses to an FLSA claim, not relevant at [the] notice stage." *Beall v. Tyler Technologies, Inc.*, No. 2:08-CV-422, 2009 WL 1766141, at *3 (E.D. Tex. May 30, 2009) (citations omitted). Challenges in litigating the suit or a particular need to address each perspective member of the collective action as an individual will be addressed in the second stage. Plaintiffs have met the lenient burden imposed under the first stage for conditional certification. Because Defendants will have the opportunity under stage two of *Lusardi* to make a motion to 'decertify' the collective action if, after discovery, they can show that the class members are not similarly situated, the Court sees no reason to deny Plaintiff's motion. *Tice*, 826 F. Supp. 2d at 996-97.

## CONCLUSION

The Court, therefore, finds that Plaintiffs have come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members. IT IS THEREFORE:

ORDERED, ADJUDGED AND DECREED that the Court conditionally certifies a class of Defendants' current and former employees that is described as follows and referred to herein as the "Workers":

> Defendants' current and former hourly-paid employees who worked at any of Defendants' egg farms or egg processing plants in Chillicothe, Texas or Nebo, Oklahoma, at any time during the three-year period preceding the filing of this lawsuit.

It is further ORDERED, ADJUDGED AND DECREED that Defendants shall produce within fourteen (14) days of the date of this order the full name, last known physical address and

email address, last known telephone number, and dates of employment for all Workers in electronic format.

It is further ORDERED, ADJUDGED AND DECREED that the Notice and Consent/Information forms presented to the Court as Exhibit "G" to Docket #17 are conditionally approved subject to Plaintiffs' insertion of the appropriate dates. These forms shall be issued by Plaintiffs' counsel within fifteen (15) days of the date that Plaintiffs' counsel receives the full list of Workers from Defendants. Such Notice shall be mailed by first-class mail. The mailing shall include the relevant forms and a return-addressed stamped envelope. Plaintiffs' counsel may also disseminate the forms by e-mail. Defendants shall post the Notice and Consent/Information forms in a conspicuous place at Defendants' facility for a period of sixty (60) days commencing fifteen (15) days after the date of this order.

Any Notice of Consents returned to Plaintiffs' counsel by the Workers shall be filed within sixty (60) days of the date that Plaintiff's counsel receives the full list of Workers from Defendants. If such list is sent piecemeal, the sixty (60) days shall begin to run on the date that the last address or other identifying information is sent by Defendants to Plaintiffs' counsel.

**SIGNED this 28th day of April, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE