**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TRANSITO ISABEL MIRANDA,** | § | **FLSA Collective Action Pursuant to** |
| **CESAR  BAUTISTA, and VICTOR** | § | **29 U.S.C. § 216(b)** |
| **CORPOS CASILLAS Individually and** | § | |
| **on Behalf of All Others Similarly** | § | |
| **Situated** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 4:15-cv-0406** |
| | § | Judge Mazzant |
| **v.** | § | |
| | § | |
| **MAHARD EGG FARM, INC., and** | § | **Jury Demanded** |
| **MAHARD PULLET FARMS, INC.** | § | |
| | § | |
| **Defendants.** | | |

## FINAL JUDGMENT

Before the Court is the parties' Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement (Dkt. #61). Having considered the motion, the Court finds that the Settlement Agreement contains a reasonable compromise of Plaintiffs' FLSA claims, and that the motion is meritorious and should be granted. Therefore,

The Court ORDERS that the Joint Motion to Dismiss with Prejudice and for Approval of Settlement is GRANTED. The Court incorporates the Settlement Agreement into this Judgment and will retain jurisdiction to enforce the Settlement Agreement and the terms of this Judgment.

The Court further ORDERS that all claims filed in this action against any party are hereby DISMISSED with prejudice. The claims reserved in the parties' Settlement Agreement have not been pursued in this action and are not affected by this Judgment.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**

 **SIGNED this 25th day of October, 2017.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**FINAL JUDGMENT – Page 2**

# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE ("Agreement") is made by and between Mahard Egg Farm Inc. and Mahard Pullet Farm Inc. (hereinafter "Defendants") on the one hand, and Transito Isabel Miranda, Cesar Bautista and Victor Corpos Casillas, on behalf of themselves and all opt-in plaintiffs (individually, a "Claimant", and collectively, "the Claimants") on the other hand.

WHEREAS, the Claimants and Defendants (collectively referred to hereinafter as "the Parties") are parties to a lawsuit in the United States District Court for the Eastern District of Texas currently titled Civil Action No. 4:15-cv-0406 and styled *Transito Isabel Miranda, et al. v. Mahard Egg Farm, Inc. and Mahard Pullet Farms, Inc.* (the "Civil Action");

WHEREAS, subject to the Court's approval, the Parties have reached a compromise of that Civil Action, the terms of which are reflected in this Agreement;

WHEREAS, Claimants, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Releasees (as defined in Section 2 *infra*) and the full payment due from Defendants as provided for herein;

NOW THEREFORE, in consideration of the mutual promises and releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.      Consideration from Defendants.**  Defendants agree to pay, in consideration for the Release herein, an aggregate sum of $92,000.00 ("the Settlement Amount") to the Claimants. The Settlement Amount is allocated to each Claimant as set forth on Exhibit A, less applicable employer-side withholdings and deductions at the rates applicable on each Claimant's respective last date of employment. Applicable withholdings from this amount will be made on the basis of a miscellaneous payroll period of 365 days. (*See* IRS Circular E for instructions.)  As set forth in Exhibit A, one half of the total amount for each Claimant will be considered as W-2 wages and will be subject to all applicable employee-side withholdings and deductions.  The Defendants are responsible for employer-side taxes and such amounts are not included in the Settlement Amount.  The Defendants remain responsible for remitting the employee-side and employer-side taxes and withholdings to the appropriate governmental agency(ies).  The Defendants shall issue a W-2 form to Claimant(s) at the appropriate time for such wages.

The remaining half of the total amount set forth in Exhibit "A" shall constitute liquidated damages, which will be reported as other income on Box 3 of IRS Form 1099-MISC, which will be given to each Claimant at the appropriate time.  No deductions or withholdings will be made from this portion of the payment to each Claimant.  If the Defendants so desire, they may issue separate checks for the W-2 portion and 1099 portion of the Settlement Amount.  Defendants will pay the Settlement Amount as provided herein within five (5) business days of the approval of the settlement by the Court by the entry of a final order approving said settlement as reflected by this Agreement and Defendants' receipt of the Information identified below.

2.     **Information Required**.  Claimants (or their counsel) shall tender to Defendants' counsel current addresses and shall verify the identities of each Claimant listed on Exhibit "A." Ensuring Defendants' receipt of a current address and sufficiently identifying each Claimant will be Claimants' (or their counsels') sole responsibility.  Claimants' counsel shall verify the accuracy of the Information so provided.  Once counsel for Claimants verify the location and identity of the particular Claimants, Defendants, based thereon, will issue the checks representing the wages and the liquidated damages and shall send them to each Claimant by certified mail or other delivery service with tracking capability.  Upon mailing, Defendants' counsel shall provide Claimants' counsel with copies of the checks and corresponding cover letters with tracking numbers.  Counsel for Defendants will mail W-2 forms and 1099s to each of the Claimants at the addresses provided to them.  It shall be Claimants' (or their counsels') sole responsibility to advise of any change of address.  In the event any Claimant's address and/or identification is not provided within four (4) months after dismissal of this lawsuit, such funds remaining shall be tendered by Defendants directly to the Equal Justice Center Client Trust Account, with taxes withheld, reported, and paid to the IRS as set forth above. Following such time, Defendants shall be deemed to have satisfied their obligations in full under this Agreement and shall have no further liability hereunder. If after the expiration of three years from the approval of this Settlement Agreement by the Court any such individual has still not been found, any such remaining funds shall be tendered directly to the unclaimed property fund of the state of Texas with notice to the Defendants and their counsel of the timing and the amount so tendered to the state of Texas.

3.     **Attorney's Fees and Costs.**  In addition to the Settlement Amount, Defendants shall pay the sum of $145,000.00 representing the Claimants' attorney's fees and costs incurred or claimed under 29 U.S.C. §216.  The sum payable under this paragraph 3 shall be included within the amounts reported to the IRS and shall be reflected in each respective Claimant's 1099. The amount allocated to each Claimant shall be determined by Claimants' counsel and shall be communicated by Claimants' counsel to Defendants and their counsel before Defendants shall have the obligation to pay the attorneys' fees and costs.  The sum payable shall encompass all fees and costs incurred to date by either law firm representing Claimants as well as those fees and costs which may be incurred in the future, except in the event the Defendants fail to perform their obligations and Claimants attorneys expend additional time to enforce this Agreement. Once paid, the Defendants shall have no further obligation or liability to Claimants or their counsel for any attorney's fees and/or costs incurred or which may be incurred, or which may exist now or in the future, except as set forth above.

Except as limited hereby, Defendants shall pay said Claimants' attorney's fees and costs within five (5) business days of the Court's approval of this Agreement as evidenced by a final order of the Court.  Defendants shall have no obligation to pay said Claimants' attorney's fees and costs unless Defendants receive a W-9 from each of the Claimants' law firms.  Each law firm shall determine the apportionment of the attorney's fees and costs to be paid hereunder which shall be reflected on the respective W-9s and which shall be binding on all parties.  Said apportionment shall not, however, exceed the aggregate sum of $145,000.00.

4.     **Release of Claims.**  For and in consideration of the required acts and promises set forth in the text of this Agreement, Claimants hereby knowingly and voluntarily release Defendants and Defendants hereby knowingly and voluntarily release Claimants, together with

any of Defendants' or Claimants,' as the case may be, parents, owners, shareholders, members, officers, directors, employees, agents, predecessors, successors, affiliates, assigns, subsidiaries, insurers, and any other related entities **(collectively, the "Releasees")** from all claims either of them brought or could have brought under the Fair Labor Standards Act in this action, and including claims for unpaid minimum wages, overtime pay, or liquidated damages. Claimants reserve their rights to pursue any claims not expressly released here, including any claims under Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866.  The Releases provided for herein shall extend for a period of time from three years prior to the filing of the Complaint in the Civil Action to the date of dismissal of the Civil Action.

**5.     Dismissal of Claims.**  The Parties agree to request the court to approve this Settlement Agreement, enter a stipulated judgment incorporating the terms of this Settlement Agreement and dismiss with prejudice any and all claims asserted in the Civil Action by any Party.

**6.     No Admission.**  The Parties acknowledge that they do not admit that they have done anything wrong or violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to one another.

**7.     Miscellaneous Provisions.**

     **A.     Entire Agreement**.  This Agreement constitutes the entire understanding between the Parties and cannot be altered except in writing signed by both Parties.  If any provision of this Agreement shall be declared unenforceable, said provision shall survive to the extent it is not so declared unenforceable and all other provisions of this Agreement shall remain in full force and effect.

     **B.     Violation of Agreement**.  Should any Party breach this Agreement, the non-breaching Parties shall be entitled to all remedies available, including damages, attorney's fees, and reasonable costs incurred by virtue of defending or prosecuting the same.

     **C.     Non-Duress.** Claimants and Defendants agree that neither Party has been subject to duress in the consideration and execution of this Agreement, and that Claimants and Defendants have been represented by their own counsel.  The Parties agree that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth herein.

     **D.     Severability.** Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is determined to be prohibited and/or invalid in any respect under applicable law, such provision will be ineffective only to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Agreement.

     **E.     Applicable Law.**  Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Texas, regardless of whether any party is, or may hereafter be, a resident of another state.

     **F.     Counterparts and Electronic Signatures.**  This Agreement may be executed in counterparts, and may be signed electronically and each such signature shall be

deemed an original.

      **G.**    **Venue/Dispute Resolution Method.**  The venue for any dispute related to this Agreement shall be Dallas, Dallas County, Texas.

      **H.**    **Tax Consequences.** Defendants make no representations or warranties with respect to the tax consequences of the payments and any other consideration provided to Claimants or made on their behalf under the terms of this Agreement. Each Claimant agrees and understands that he or she is responsible for payment, if any, of local, state, and/or federal taxes on the payments and any other consideration, inclusive of any penalties or assessments thereon, provided hereunder by Defendants.

      **I.**    **No Reliance.** Each Named Claimant represents that he has consulted with an attorney and understands the scope and effect of the provisions of this Agreement. Named Claimants represent they have not relied upon any representations or statements whatsoever other than those specifically set forth in this Agreement.

      **J.**    **Benefits of Agreement**. This Agreement inures to the benefit of and is binding upon the Parties to this Agreement and their respective heirs, representatives, successors and assigns.

      **K.**    **Other Documents**. Claimants agree to sign such other documents as may be reasonably necessary to effectuate the terms of this Agreement.

      **L.**    **Authority.** Each of the undersigned represents and warrants that he has full authority to bind the Party(ies) represented.  Further, each Claimant warrants and represents that he or she is the sole owner of the claims released in this Agreement and has not assigned or otherwise transferred to any other person or entity any interest in any claim, demand, action and/or cause of action he or she has, may have or may claim to have against the Releasees.

      **M.**    **Conditions Precedent.**    The Court's approval of this Agreement evidenced by a final, nonappealable order and dismissal of the Civil Action with prejudice are mandatory conditions precedent to the enforceability of this Agreement.  If, for any reason whatsoever, the Court declines to approve this Agreement and fails to dismiss the Civil Action with prejudice, this Agreement shall remain unenforceable, upon which it shall be of no force or effect.

      **IN WITNESS THEREOF**, the Parties hereto, through their counsel, have executed this Agreement as of the date indicated.

Signature: _____    Date:  ___10/16/2017_____

Name:  ___Michael O'Keefe Cowles_____

**Attorneys of record for and on behalf of the Claimants,**

Signature: _____     Date: _10/17/2017_

Name:     Stephen C. Stapleton

Signature: _____     Date: _10/17/2017_

Name:     Stephen C. Stapleton

**Attorneys of Record for Mahard Eggs, Inc. and Mahard Pullet Farms, Inc.**

**Exhibit A**

| Name | W-2 Wages | 1099 Inc. | Total |
|------|-----------|-----------|-------|
| Alarcon, Efrain | $1,360.86 | $1,360.85 | $2,721.71 |
| Alfaro, Josue | $50.00 | $50.00 | $100.00 |
| Bates, Ray | $111.24 | $111.24 | $222.48 |
| Bautista, Cesar | $3,703.60 | $3,703.59 | $7,407.19 |
| Bernal, Jr., Luis | $50.00 | $50.00 | $100.00 |
| Bernal, Salvador | $175.32 | $175.31 | $350.63 |
| Bernal, Stacy | $62.63 | $62.62 | $125.25 |
| Boyd, David | $187.77 | $187.76 | $375.53 |
| Calvillo, Enrique | $85.40 | $85.40 | $170.80 |
| Cardin, Johnny | $50.00 | $50.00 | $100.00 |
| Casey, Hayden | $54.60 | $54.60 | $109.20 |
| Casillas, Victor Corpus | $3,421.83 | $3,421.83 | $6,843.66 |
| Couch, Dustin | $50.00 | $50.00 | $100.00 |
| Diaz, Marco | $3,931.38 | $3,931.37 | $7,862.75 |
| Elrod, Dustin | $52.83 | $52.83 | $105.66 |
| Escobar, Antonio | $1,472.74 | $1,472.73 | $2,945.47 |
| Escobar, Maria Arabey | $1,710.52 | $1,710.51 | $3,421.03 |
| Ferrer, Fabricio | $51.77 | $51.77 | $103.54 |
| Garza, Antonio | $107.00 | $106.99 | $213.99 |
| Gonzales, Gerardo | $50.00 | $50.00 | $100.00 |
| Gonzalez, Jesus | $418.87 | $418.86 | $837.73 |
| Gonzalez, Leoncio | $2,335.13 | $2,335.13 | $4,670.26 |
| Gonzalez, Lucio | $1,421.02 | $1,421.01 | $2,842.03 |
| Guerra, Rogelio | $157.42 | $157.42 | $314.84 |
| Haney, Amanda | $50.36 | $50.35 | $100.71 |
| Haney, Teresa | $123.99 | $123.98 | $247.97 |
| Husley, Victoria | $262.76 | $262.75 | $525.51 |
| Jaramilo, Zacarias | $242.58 | $242.57 | $485.15 |
| Jasso, Gloria | $79.74 | $79.73 | $159.47 |
| Knighten, James | $50.00 | $50.00 | $100.00 |
| Lagunas, Brandon | $50.00 | $50.00 | $100.00 |
| Lomas, Luis | $1,021.59 | $1,021.58 | $2,043.17 |
| Long, Dylan | $391.97 | $391.96 | $783.93 |
| Lopez, Joe | $138.18 | $138.18 | $276.36 |
| Love, Mose | $95.66 | $95.65 | $191.31 |
| Lowe, Christopher | $568.61 | $568.60 | $1,137.21 |
| Madrigales, Claudia | $292.14 | $292.13 | $584.27 |

| | | | |
|---|---|---|---|
| Martinez, Claudia | $328.60 | $328.59 | $657.19 |
| McMichael, Megan | $133.47 | $133.47 | $266.94 |
| Mendez, Eli Garcia | $50.00 | $50.00 | $100.00 |
| Meza, Jesus | $67.70 | $67.70 | $135.40 |
| Miranda, Isabel | $1,333.60 | $1,333.59 | $2,667.19 |
| Mosley, Sammy | $155.47 | $155.46 | $310.93 |
| Newman, Emmitt | $387.72 | $387.71 | $775.43 |
| Pena, Valentine | $50.00 | $50.00 | $100.00 |
| Perez, David | $50.00 | $50.00 | $100.00 |
| Perez, Jr., Jesus | $515.16 | $515.15 | $1,030.31 |
| Phillips, Donnie | $61.68 | $61.68 | $123.36 |
| Pitts, Galen | $238.46 | $238.46 | $476.92 |
| Reinhardt, James | $273.56 | $273.55 | $547.11 |
| Relles, Antonio | $1,240.04 | $1,240.03 | $2,480.07 |
| Rocha, Jose Efrain | $904.52 | $904.51 | $1,809.03 |
| Rodriguez (Gonzales), Mireya | $257.45 | $257.44 | $514.89 |
| Rodriguez, Antonio | $3,289.08 | $3,289.07 | $6,578.15 |
| Rolen, Jr., Frinchey D. | $50.00 | $50.00 | $100.00 |
| Salazar, Eric | $731.45 | $731.44 | $1,462.89 |
| Salvador, Noel Gonzalez | $3,035.23 | $3,035.22 | $6,070.45 |
| Saucedo, Gilberto | $209.06 | $209.05 | $418.11 |
| Silva, Elias | $2,437.86 | $2,437.86 | $4,875.72 |
| Smith, Jacob | $50.00 | $50.00 | $100.00 |
| Thomas, Douglas | $66.99 | $66.99 | $133.98 |
| Thomas, Julie | $50.00 | $50.00 | $100.00 |
| Thomas, Tommy | $66.64 | $66.64 | $133.28 |
| Tiger, Harry | $589.65 | $589.65 | $1,179.30 |
| Trevino, Refugio | $416.74 | $416.74 | $833.48 |
| Trujillo, Ruben | $2,669.59 | $2,669.58 | $5,339.17 |
| Vanzant, April | $50.00 | $50.00 | $100.00 |
| Vasquez, Isaac | $50.00 | $50.00 | $100.00 |
| Vasquez, Mario | $59.21 | $59.20 | $118.41 |
| Velarde, Mason | $50.00 | $50.00 | $100.00 |
| Victor, Gladys | $123.99 | $123.98 | $247.97 |
| Vidaurri, Camila | $1,092.88 | $1,092.88 | $2,185.76 |
| Vidaurri, Rico | $137.09 | $137.08 | $274.17 |
| Vidaurri, Rosario | $123.63 | $123.63 | $247.26 |
| Wesley, Ben | $50.00 | $50.00 | $100.00 |
| Westfall, Tyler | $50.00 | $50.00 | $100.00 |
| Wilson, Eric | $64.16 | $64.16 | $128.32 |
| **Grand Total** | $46,000.19 | $45,999.81 | **$92,000.00** |